# SOLOMAN M. HILL

v.

# OKEY K. BERRY

Record No. 930221

February 25, 1994

Present: All the Justices

*Ray P. Lupold, III (James A. McCauley; Marks & Harrison,* on brief), for appellant.

*R. Temple Mayo (W.F. Drewry Gallalee; Williams, Mullen, Christian & Dobbins,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we decide whether a litigant exercised his peremptory strikes to exclude African-Americans from the jury in violation of the equal protection clause of the Fourteenth Amendment of the Constitution and the rule pronounced in *Batson* v. *Kentucky,* 476 U.S. 79 (1986), extended to civil actions in *Edmonson* v. *Leesville Concrete Co., Inc.,* 500 U.S. 614 (1991), and applied in *Faison* v. *Hudson,* 243 Va. 397, 417 S.E.2d 305 (1992).

Soloman M. Hill filed his motion for judgment against Okey K. Berry. Hill alleged that he was injured as a result of Berry's negligent operation of an automobile.

Thirteen veniremen qualified for the venire. Ten were Caucasians and three were African-Americans. Berry exercised his peremptory strikes to remove all the African-Americans from the venire.

After the jury was sworn, Hill's counsel informed the court that he desired to make a motion outside the presence of the jury. The jury retired, and Hill objected to Berry's use of his peremptory strikes to remove the African-Americans from the venire. Hill argued that Berry's counsel removed the veniremen because of their race. Counsel for Berry denied that he had exercised his peremptory strikes because of any racial motivation.

The court requested that counsel for Berry state the reasons he had removed the veniremen. Berry's counsel responded:

Well, Your Honor, [the reasons] are based on just intuitive reasons, the way people look, they — just a sense. Some of it is based on, on, on their occupations. I don't, I don't believe I can state any more than that without going into, into my trial strategy, Your Honor.

The trial court overruled Hill's objection. The jury returned a verdict in favor of Berry, and we awarded Hill an appeal from the trial court's judgment confirming the verdict.

Hill, relying upon *Batson, Edmonson,* and *Faison,* argues that Berry removed the African-Americans from the venire because of their race. Berry argues, however, that Hill waived his objection because his *Batson* motion was made after the jury was sworn. Furthermore, Berry argues that even if Hill's motion was timely, Berry's peremptory strikes were exercised for racially neutral reasons. We agree with Hill.

■ Applying former Code § 8-202, we have held that any objection to the impaneling of jurors must be made before the jury is sworn or the objection is deemed waived. *Oyler, Admr.* v. *Ramsey,* 211 Va. 564, 565, 179 S.E.2d 904, 905 (1971). Former Code § 8-202 stated, in relevant part:

No irregularity in any writ of venire facias or in the drawing, summoning, returning or empaneling of jurors shall be sufficient to set aside a verdict unless the party making the objection was injured by the irregularity or unless an objection specifically pointing out such irregularities was made before the swearing of the jury; and no judgment shall be arrested or reversed for the failure of the record to show that there was a venire facias unless made a ground of exception in the trial court before the jury is sworn.

■ In 1977, the General Assembly enacted Code § 8.01-352, that, among other things, permits a litigant to make an objection relating to the impaneling of jurors after the jury has been sworn with leave of court. Code § 8.01-352 states, in relevant part:

A. Prior to the jury being sworn, the following objections may be made without leave of court: (i) an objection specifically pointing out the irregularity in any list or lists of jurors made by the clerk from names drawn from the jury box, or in the drawing, summoning, returning or impaneling of jurors or in

copying or signing or failing to sign the list, and (ii) an objection to any juror on account of any legal disability; *after the jury is sworn such objection shall be made only with leave of court.*

(Emphasis added). The revisers' note to Code § 8.01-352 is instructive here:

> Section 8.01-352 consolidates certain provisions found in former [Code] § . . . 8-208.27.[*] Under this section, objections to any irregularity in the jury list, etc., or to any legal disability generally must be made before the jury is sworn. Thereafter, such objections may be made only with leave of court. This alters former § 8-208.27 which permits objection only before the jury is sworn.

■ Our review of the record reveals that the trial court implicitly granted Hill leave of court to make his motion challenging the impaneling of jurors after the jury was sworn. The court permitted Hill to make his motion, which the court subsequently considered on its merits and denied. Therefore, we hold that Hill's motion was not waived.

■ We now consider whether counsel for Berry articulated a racially neutral reason for removing the African-Americans from the venire. The Supreme Court held in *Batson* that the equal protection clause does not permit a prosecutor to exercise a peremptory strike to remove a prospective juror solely on account of the prospective juror's race. 476 U.S. at 89. In *Edmonson,* the Supreme Court extended the *Batson* rule to civil cases. 500 U.S. at ___, 111 S.Ct. at 2080.

■ In *Batson,* the Supreme Court articulated the test that we must apply here:

> To establish . . . a case [of purposeful discrimination in the selection of the jury], the [moving party] first must show that he is a member of a cognizable racial group, . . . and that the [opposing party] has exercised peremptory challenges to remove

---

* Former Code § 8-202 was the precursor to former Code § 8-208.27. Former Code § 8-208.27 stated in relevant part:

No irregularity in any list or lists of jurors made by the clerk from names drawn from the jury box, in the drawing, summoning, returning or impaneling of jurors or in copying or signing or failing to sign the list shall be cause for summoning a new panel or for setting aside a verdict or granting a new trial, unless objection thereto specifically pointing out such irregularities was made before the jury was sworn.

from the venire members of the [moving party's] race. Second, the [moving party] is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, the [moving party] must show that these facts and any other relevant circumstances raise an inference that the [opposing party] used that practice to exclude the veniremen from the . . . jury on account of their race. This combination of factors in the empaneling of the . . . jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

. . . .

Once the [moving party] makes a *prima facie* showing, the burden shifts to the [opposing party] to come forward with a neutral explanation for challenging black jurors.

476 U.S. at 96-97 (citations omitted). *See Faison,* 243 Va. at 401-02, 417 S.E.2d at 307-08.

■ Here, Hill established a *prima facie* case of purposeful discrimination, and the burden shifted to counsel for Berry to present a racially neutral explanation for removing the African-American veniremen. For purposes of our resolution of this appeal, we need only consider the reasons counsel for Berry advanced for removing Angela D. Stewart, one of the three African-Americans. Ms. Stewart's occupation is not identified on the trial court's jury list. Her occupation is described as "unknown." Counsel for Berry did not ask any questions of Ms. Stewart or any other member of the venire regarding their respective occupations. Counsel for Berry admitted at the bar of this Court that he did not know Ms. Stewart's occupation and her occupation could not have been "a valid reason" to remove her from the venire. We also observe that counsel for Berry did not remove Caucasian members of the venire whose occupations were described as unknown.

■ The remaining reasons offered by Berry's counsel for removing Ms. Stewart, "just intuitive reasons, the way people look, they — just a sense," simply fail to satisfy Berry's burden of producing a racially neutral reason for removing her from the venire. We hold that counsel for Berry failed to provide a racially neutral reason for removing Ms. Stewart from the venire and, therefore, the trial court erred in denying Hill's motion. We do not consider Berry's reasons for removing the

other African-Americans from the venire because permitting the improper removal of any one venireman constitutes reversible error. *See Faison,* 243 Va. at 402-03, 417 S.E.2d at 308.

Accordingly, we will reverse the judgment of the trial court and remand this case for a new trial.

*Reversed and remanded.*