Present:   All the Justices

ROBERT K. MASON, a/k/a
ANTHONY BERNARD SMITH
                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 971818              April 17, 1998

COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal, we consider whether the trial court

should have removed a juror, who had been empanelled and sworn

without objection, because the juror purportedly lacked

sufficient proficiency in the English language.

    Robert K. Mason was indicted by an Arlington County grand

jury for the felony of habitual petit larceny in violation of

Code §§ 18.2-96 and -104.  At a jury trial, the trial court

and counsel for the litigants participated in the voir dire.

Upon conclusion of the voir dire, the Commonwealth and the

defendant exercised their peremptory challenges, and a jury

consisting of 12 members was empanelled without objection.

    During the guilt phase of the bifurcated trial, the

Commonwealth and the defendant presented their opening

statement, evidence, and closing argument.  The jury then

deliberated and returned a verdict of guilty.  In the

sentencing phase at the trial, the Commonwealth presented

additional evidence, but the defendant presented no evidence.

The trial court instructed the jury on sentencing, defense

counsel presented argument to the jury, and the jury retired to deliberate the defendant's sentence.

While the jury was deliberating, defense counsel made a motion for a mistrial because he had received information that one of the jurors purportedly had "great difficulty understanding English."  The trial court interrupted the jury's deliberations, summoned the jurors to the courtroom, and the following colloquy occurred:

> "THE COURT:  Ladies and gentlemen, I'm sorry to interrupt your deliberations, but the purpose of it is this:
>
> "A question was raised as to whether or not there is a juror who has difficulty with the English language and was not able to understand the testimony and is not able to understand the instructions and the colloquy in the jury room on the deliberations.
>
> "I've done these cases and have done them in Arlington, of course, for many years.  And usually where that is the case in a jurisdiction like Arlington, that person makes known to the Court that problem, if you will, and then the Court is permitted to make inquiry initially of the person's experience with the English language.
>
> "Is that a problem with a juror, or I don't want to embarrass anybody, but may I inquire who the juror is so that I can determine from that juror if there is a problem?
>
> "Is there any problem in the --
>
> "A JUROR:  Well, I don't think it was a -- well, this is the young lady right here.
>
> "THE COURT:  All right.

2

"A JUROR:  But we have at least two or three people that interpret the Spanish language, that really broke everything down for her.

"THE COURT:  You speak English, don't you?

"A JUROR:  Yes, I speak English, but not perfect.

"THE COURT:  Well, not too many know it to perfection.  We don't practice that and we don't expect it.  But do you work out in the community?

"A JUROR:  I work in Washington, D.C.

"THE COURT:  All right.

"A JUROR:  At Parkinson's Hotel.

"THE COURT:  You deal with people in English constantly, don't you?

"A JUROR:  Yeah.

"THE COURT:  All right.

"A JUROR:  This is the first time I come over here.  So many things new.  The gentleman, he translate to me some things.

"THE COURT:  Do you write in English?

"A JUROR:  A little bit.

"THE COURT:  And do you read English?

"A JUROR:  Read more than write.

"THE COURT:  You read more than you write.  Do you read the newspapers?

"A JUROR:  Yes.

"THE COURT:  And you converse with English when you are with English-speaking people?  You converse with them in English, do you?

"A JUROR: Yeah. In my job, yes.

"THE COURT: All right.

"I see no problem with this person's ability or level of understanding of English to certainly deliberate in the jury room."

After the jury had returned to the jury room to continue its deliberations, the court further explained its ruling denying the defendant's motion:

"Well, I was guided more by her ability to converse with me. That's the test. And to sit through the voir dire and know when to raise her hand and make an inquiry.

"In this community, which has its various national groups here, and in many other communities in this country, you have many more people serving on juries who are less acquainted with the local language than this lady is. She would be so far above the minimum standard, I think, that she would, I think, pass anyone's test."

The jury concluded its deliberations and fixed the defendant's punishment at three years and nine months in the penitentiary. The jury was polled, and each juror responded affirmatively when asked by the clerk, "is this your verdict?"

After the jury was discharged, the defendant renewed his motion for a mistrial. Denying that motion, the trial court stated:

"I spoke with her. And when you made your motion, I had the jury come in and take their seats in the jury box and asked her specifically about her understanding and asked so the others could hear it, and her understanding of what I said seemed to me to be very good. And her responses were directly to

4

the statements that I had made.  And I had no reason to believe at all that she did not understand me.

"She said that she reads English.  She does not write it too well.  She speaks it.  She works in an environment where she uses it.  And I think she meets the standard that we need as far as her ability to function as one of the 12 jurors, which she certainly appears to have done."

The trial court entered a judgment confirming the jury's verdict, and the Court of Appeals, in an unpublished memorandum opinion, affirmed the judgment of the trial court. Robert Mason, a/k/a Anthony Bernard Smith v. Commonwealth, Record No. 0499-96-4 (1997).  Mason appeals.

Mason argues that the trial court erred in denying his motion for a mistrial because due process requires a trial by an impartial jury of 12 members competent in the English language.  The Commonwealth responds that the defendant's due process rights were not abridged because the challenged juror had a sufficient understanding of the English language.  We agree with the Commonwealth.

A defendant in a criminal prosecution has a fundamental right to a trial by an impartial jury.  U.S. Const. amends. VI and XIV; Va. Const. art. I, § 8; Gray v. Commonwealth, 226 Va. 591, 592-93, 311 S.E.2d 409, 409-10 (1984).  The right of an impartial jury requires that the jury be capable of understanding the factual issues that it must resolve.  See Commonwealth v. Susi, 477 N.E.2d 995, 997 (Mass. 1985); State

5

v. Hurd, 480 S.E.2d 94, 97 (S.C. Ct. App. 1996). Indeed, the United States Supreme Court has stated that "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). See also Susi, 477 N.E.2d at 997; State v. Gallegos, 542 P.2d 832, 833-34 (N.M. Ct. App. 1975).

After the jury has been sworn, a litigant may only make an objection relating to the empanelling of jurors with leave of court. Code § 8.01-352(A)(ii); Hill v. Berry, 247 Va. 271, 273, 441 S.E.2d 6, 7 (1994). Here, the trial court implicitly granted Mason leave to challenge the juror because the court decided his motion. Hill, 247 Va. at 274, 441 S.E.2d at 7. However, a litigant who seeks to set aside a jury verdict or obtain a new trial on the basis of a juror's disability must demonstrate that the "disability be such as to probably cause injustice in a criminal case to the Commonwealth or to the accused." Code § 8.01-352(B). Additionally, we note that upon appellate review, we must give deference to the trial court's decision whether to remove a juror because the trial court sees and hears the juror. See Weeks v. Commonwealth, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994), cert. denied, 516 U.S. 829 (1995).

Applying the aforementioned principles, we hold that the trial court properly denied Mason's motion for a mistrial

6

because the record fails to demonstrate that the challenged juror had a disability which was "such as to probably cause injustice" in Mason's criminal trial. The trial court examined the challenged juror to determine her level of proficiency in the English language. As the colloquy between the trial court and the challenged juror indicates, the juror understood all the trial court's questions. The trial court made a factual finding that the challenged juror had a sufficient level of understanding of the English language which permitted her to participate fully in the jury deliberations. According the trial court the deference to which it is entitled, we perceive of no reason to disturb the trial court's finding, which is supported by the record.

We do not consider the defendant's argument that the trial court erred by improperly asking leading questions when the court examined the challenged juror because such argument was not raised in the trial court. Rule 5:25. Accordingly, the judgment of the Court of Appeals will be affirmed.

<u>Affirmed</u>.