# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Allman

v.

Allman

July 18, 2001

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court upon the motion of the defendant seeking remittitur of a jury verdict or, in the alternative, a new trial on the issue of damages.

## Facts

Since the facts are largely not in dispute we will summarize them.

This matter sought damages for personal injuries from a domestic assault that resulted in minor non-permanent injuries to the plaintiff wife. Since the tort in question was intentional, punitive damages were also requested.

At trial, the court directed a verdict in favor of the plaintiff on the issues of liability and the jury made a damage award of $600.00 for compensation and $150,000.00 for punitives.

Following the return of the jury verdict, counsel for the defendant filed the motion we decide today. No judgment has yet been entered on the verdict.

## Issues

While there is no direct assault on the gender of the jury, counsel has cited *Batson* type issues in support of the motion to set aside the verdict.

The court agrees that *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), has been made applicable to civil litigation of this type. See *Faison v. Hudson*, 243 Va. 397, 401, 417 S.E.2d 305 (1992).

However, in Virginia, *Batson* issues must be raised prior to the seating of the jury or they are waived. See *Hill v. Berry*, 247 Va. 271, 273, 441 S.E.2d 6 (1994), and Virginia Code § 8.01-352. No *Batson* issues were raised by either side and, therefore, the court will take no further notice of any *Batson* type argument at this late date. The real issue that must be addressed is the proper amount of punitive damages. Counsel have cited several themes in making their argument. Since one argument involves the 14th Amendment of the United States Constitution, we shall go there first.

Since 1991, the U.S. Supreme Court has handed down four opinions that address the constitutional application of due process of law to the issue of punitive damage awards. Three of the cases were reviews of state cases, while the other came through the Ninth Circuit (applying state law).

(1) *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 113 L. Ed. 2d 1, 111 S. Ct. 1032 (1991): "One must concede that unlimited jury discretion ... in the fixing of punitive damages may invite extreme results that jar one's constitutional sensibilities. [Citations omitted.] We need not, and indeed we cannot, draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable that would fit every case. We can say, however, that general concerns of reasonableness and adequate guidance from the court when the case is tried to a jury properly enter into the constitutional calculus." *Id.* at p. 18. The court then goes on to find that punitive damages of $800,000.00 and compensatory damages of $200,000.00 passed constitutional muster.

(2) *TXO Production Corp. v. Alliance Resources*, 509 U.S. 443, 125 L. Ed. 2d 366, 113 S. Ct. 2711 (1993): "a jury imposing a punitive damages award must make a qualitative assessment based on a host of facts and circumstances unique to the particular case before it." In relying on *Haslip*, the court again refused "to draw a mathematical bright line," but affirmed a 10 million dollar punitive award "526 times greater than the actual damages awarded by the jury."

(3) *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996): "Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of non-economic harm might have been difficult to determine." *Id.* at p. 582. Again quoting *Haslip* as controlling authority, the court opined that the 500 to 1 award here was

"breathtaking." It seems, however, that the court also felt that, if this award was affirmed, Alabama might be allowed to use punitive damages "as a means of imposing its regulatory policies on the entire nation." *Id.* at p. 585. Even though no justice said so, they may have felt that 2 million dollars was a lot of compensation for a damaged paint job on a car.

(4) *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 149 L. Ed. 2d 674, 121 S. Ct. 1678 (2001). This case is perhaps the least helpful of the four because the case is decided on the more esoteric ground that the Ninth Circuit failed to apply a de novo standard when reviewing the judgment of the District Court.

The most interesting conclusion from a reading of this group of cases is that the Virginia Supreme Court has laid down a series of recent cases that move in the same direction as the U.S. Supreme Court. Without specifically addressing the 14th Amendment, the Virginia court has given us guidelines that will clearly pass 14th Amendment and 8th Amendment arguments. (See *Cooper Industries*, 121 S. Ct. at 1686.)

That being the case, the resolution of our issue is found in the Virginia cases. Defendant cites a number of cases in his brief, and, after a review, the court has determined that five of them are helpful in the resolution of this matter.

Beginning with *Rutherford v. Zearfoss*, 221 Va. 685, 272 S.E.2d 225 (1980), we find the court dealing with the general rule relating to excessive verdicts.

> But if ... the verdict is so excessive as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption, or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest it is not the product of a fair and impartial decision. ...

*Id.* at p. 689.

While this case was not one with punitive issues, it does establish the standard for a trial court to use in reviewing jury verdicts for excessive awards. The significance of this rule and its applicability to punitives comes later.

Five years later, the court handed down the matter of *The Gazette v. Harris*, 229 Va. 1, 325 S.E.2d 713 (1985), which does deal directly with punitives. This matter was in reality the discussion and disposition of four separate cases involving libel. Three of the matters were suits against newspaper companies (Charlottesville Newspapers, Inc., Port Packet

Corporation, and The Gazette, Inc.), and the fourth was against a private individual concerning a paid advertisement in the *Cavalier Daily* published by the University of Virginia.

A large part of the opinion was concerned with First Amendment issues (which have no application here), however, the court did spend some time on the subject of excessive punitives.

> Where a punitive award is substantially in excess of what ordinarily might be expected as punishment for the particular conduct, [the trial court] has a duty to amend the award unless the circumstances are so egregious as to constitute a sufficient punishment for the wrongful activity. ... The amount of punitive damages ... should bear some reasonable relationship to the actual damages sustained and to the measure of punishment required. ...

*Id.* at p. 51.

In 1988, the punitives issue comes before the court once again in the matter of *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1998). This was the consolidation on appeal of six cases seeking damages for various personal injuries and punitives for willful and wanton negligence. Within the context of several issues, the matter of excessive punitives was addressed.

> [The defendant] correctly recognizes that no fixed standard exists for the calculation of punitive damages and that it is an issue largely within the discretion of the jury. [Citations omitted.] Nevertheless, "the amount of punitive damages awarded should bear some reasonable relationship to the actual damages sustained and measure of punishment required. ..." [citing *The Gazette v. Harris, supra*].
>
> In deciding whether a reasonable ratio exists between the compensatory damages and the punitive damages ... we apply the standard for granting a new trial base or an excessive award ... set forth in *Modaber*, 232 Va. 60 at 69. ...

*Id.* at 414. (*Modaber* essentially states the same rule set out in *Rutherford v. Zearfoss, supra*, that has been applied to jury verdicts for compensatory damages for some time and in numerous other cases.)

*Hamilton Devel. Co. v. Broad Rock Club*, 248 Va. 40, 445 S.E.2d 140 (1994), is the next foray of the court into excessive punitives. Citing with approval as proper stare decisis *Philip Morris, supra*, and *Modaber, supra*,

the court affirmed a punitive award of $200,000.00 coupled with a compensatory award of $20,000.00.

The most recent matter is *Poulston v. Rock*, 251 Va. 254, 467 S.E.2d 479 (1996). This case is significant primarily because it adopts a different standard of appellate review in the area of punitives.

[I]n reviewing the order of a trial court imposing or refusing to impose remittitur ... we shall make an independent examination of the entire record to determine whether the trial court acted properly ... we will give substantial weight to the trial court's action, unless, from our view of the record, the trial court acted improperly.

*Id.* at p. 263. Compare this to *Cooper Industries, supra*. It does seem that the U.S. Supreme Court and the Virginia Supreme Court have the same views, even as to appellate review.

## *Remittitur*

Remittitur is a statutory procedure and is governed by § 8.01-383.1 of the Code of Virginia. The statute, however, does not provide any standards for remittitur, it merely sets forth the rules for appeal if the trial court grants such a motion.

An examination of both the compensatory award and the punitive award rendered by the jury leads the court to the conclusion that the punitive award is grossly excessive.

While the court agrees that there is no mathematical formula that can be applied, it cannot but observe that the punitives are 250 times the compensatory amount. Further, the court believes that the compensatory amount is a fair evaluation of the very minor personal injuries suffered by the plaintiff. There are no issues that impact on the public as a whole, no matters that would impact on the function of the government, and, in the opinion of the court, the award offers no public deterrence for such conduct in the future. (The fact that we regularly impose imprisonment for such conduct seems also to have a limited deterrence on the public.) Surely, it is proper to punish the defendant for what can only be called unacceptable, even bizarre, behavior, yet the court is of the opinion that this verdict goes way beyond the bounds of a proper punishment. We therefore find "the award so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision." *Rutherford v. Zearfoss, supra*, at p. 689.

The final matter is what shall we do? A new trial is to be avoided on grounds of judicial economy and extra expense to the litigants if another

option is available. The court therefore grants the motion for remittitur and shall require the plaintiff to remit $125,000.00 of the award of punitive damages rendered by the jury. The court will therefore enter judgment in favor of the plaintiff for $600.00 in compensatory damages and $25,000.00 in punitive damages.