Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Millette, JJ., and Lacy, S.J.

THE ROBERT M. SEH COMPANY, INC.,
D/B/A BJ POOL & SPA, ET AL.

v.  Record No. 081392         OPINION BY SENIOR JUSTICE
                              ELIZABETH B. LACY
DANIEL O'DONNELL, ET AL.         APRIL 17, 2009

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

The dispositive issue in this appeal is whether the trial court abused its discretion by allowing a juror to remain on the jury panel when the juror, during the course of the trial, expressed concern about his ability to impartially decide the case.

FACTS AND PROCEEDINGS

The facts in this case are not in dispute.  In 2003, Daniel and Patricia L. O'Donnell contracted with The Robert M. Seh Company, Inc., d/b/a/ B.J. Pool & Spa, to install a Fox brand swimming pool at the O'Donnells' residence for $22,895.00.  When the pool was not completed to the satisfaction of the O'Donnells, they filed suit against the company and its president and owner, Robert M. Seh (collectively Seh), asserting breach of contract, fraud and violations of the Virginia Consumer Protection Act, Code §§ 59.1-200 through -207.  The O'Donnells sought compensatory and punitive damages along with statutory enhanced damages and attorney's fees under the

Consumer Protection Act, Code §§ 59.1-204 and -206. The

O'Donnells maintained that Seh failed to install the pool to

industry standards, and although the contract required the

installation of a Fox brand pool liner, a Vyn-All brand liner

was installed despite Seh's representation that a Fox pool liner

had been installed. Seh filed a counterclaim for amounts unpaid

under the contract.

The jury returned a verdict in favor of the O'Donnells on

the breach of contract and Consumer Protection Act claims, but

rejected the fraud claim and Seh's counterclaim. The jury also

found that Seh had willfully violated the Consumer Protection

Act and awarded damages. The trial court entered judgment on

the jury verdict awarding total damages of $66,507.20 for the

breach of contract claim and Consumer Protection Act claim,

$1000 in enhanced statutory damages for the willful violation of

the Consumer Protection Act and attorneys' fees of $31,049.55.[1]

We awarded Seh an appeal.

### DISCUSSION

Seh's first two assignments of error challenge the trial

court's denial of Seh's motion for a mistrial based on its

finding that juror Howard Dwight Lyons, Jr. was not biased and

---

[1] The trial court reduced the damage award for violation of
the Consumer Protection Act from $1500 to $1000 on the agreement
of the parties based on the correct application of the statutory
enhancement provision of the Act, Code § 59.1-206.

2

could remain on the jury panel. We begin by reciting the facts relevant to these issues.

During voir dire, the trial court asked whether any of the potential jurors had worked in the swimming pool industry. Juror Lyons responded that he had helped his father-in-law who owned a swimming pool company with summer pool installations. No further questions were asked of Lyons and he was seated as a juror without objection.

In opening statements, Seh's counsel conceded that the liner installed in the O'Donnells' pool was not the agreed-upon Fox liner, but another liner, the Vyn-All liner, which counsel characterized as superior to the Fox liner. After the first witness testified, Lyons contacted the bailiff raising a question about his continued ability to be impartial. Out of the presence of the rest of the jury, Lyons told the trial court that he heard his father-in-law talk about the differences in various pool liners. Lyons remembered a statement made by his father-in-law that the Vyn-All liner was of inferior quality. Based on this conversation, Lyons told the circuit court that he was concerned that he had "developed a bias that says [Seh's counsel] doesn't know what he's talking about" because counsel's statement regarding the quality of the Vyn-All liner contradicted his father-in-law's statement.

3

The circuit court asked Lyons if he understood that he was to make his decision based on the evidence in the case and Lyons replied in the affirmative. The court then asked counsel if they had any questions to ask Lyons. Neither counsel had any further questions but Seh's counsel expressed concern about Lyons' ability to remain unbiased notwithstanding Lyons' answers to the trial court's questions. According to Seh's counsel, Lyons' recognition of the prior conversations with his father-in-law about the liners in issue in this case "indicates a predisposition, a very strong predisposition of the fundamental issue of this case."

The trial court explained that it did not think juror Lyons "ha[d] a bias" but asked Seh's counsel what steps counsel wished the court to take. Counsel replied that an alternate juror should be brought in. The trial court responded that all alternate jurors had been discharged and that counsel's choice was to proceed with a jury panel of six members or seek a mistrial. Proceeding with Lyons on the jury panel was not acceptable to Seh, nor was a six-member jury panel. The court then took the matter under advisement during a lunch break.

After the break, the trial court again questioned Lyons about his conversation with his father-in-law and Lyons' partiality. Lyons explained that his father-in-law said the Vyn-All liner was thicker than the Fox liner and as a result was

4

more brittle than the Fox liner. In response to a question from the trial court, Lyons also stated that he would use any expert information introduced in the case regarding the pool liners as the basis for his decision, but could not "erase" from his "brain" the information he had about the two liners.

When questioning by the court and counsel concluded, Seh's counsel again argued that Lyons had expressed an opinion on a fundamental key issue in the case and therefore "has a built-in prejudice and a bias beyond the normal bias" that a person has from life experience and that this bias would prejudice Seh. The trial court disagreed, finding that Lyons clearly stated that he could put aside the statements of his father-in-law and decide the case on the evidence presented. Seh's motion for mistrial was denied.[2]

The first two assignments of error assert respectively that the trial court erred in refusing to strike juror Lyons for cause and in denying the motion for a mistrial. We note that the record does not directly support the proposition that the trial court refused to strike the juror for cause. The issue arose in the course of the trial and the trial court apparently

---

[2] The O'Donnells argue that the trial court's decision was also based on its holding that Seh waived any challenge to Lyons because it did not question Lyons about his experience with swimming pool construction during voir dire. The record does not support an alternate holding by the trial court and we do not address this argument.

5

would have been willing to replace juror Lyons if an alternative juror had been available.[3] Nevertheless, the issue is squarely presented with regard to the trial court's denial of the motion for mistrial.

A trial court's ruling denying a motion for mistrial will be set aside on appellate review only if the ruling constituted an abuse of discretion. See Westlake Properties, Inc. v. Westlake Pointe Property Owners Assoc., 273 Va. 107, 124, 639 S.E.2d 257, 267 (2007). We have not previously reviewed the relevant factors to be utilized in determining abuse of discretion under the circumstances presented in this case. However, we have considered other instances in which a challenge to the impartiality of a juror arose after voir dire, the empanelling of the jury or the commencement of the trial. In Haddad v. Commonwealth, 229 Va. 325, 327, 329 S.E.2d 17, 18 (1985), a juror made the statement to a group of attorneys at the lunch break that "his client" was "not going to get off." When the juror's statements were brought to the attention of the trial court, the court asked the juror questions about the statement and his ability to give both parties a fair and

---

[3] We reject O'Donnell's charge that Seh did not acquire leave of court to challenge Lyons after the jurors had been empanelled and therefore this issue is waived. See Code § 8.01-352. The trial court considered the challenge to Lyons and therefore implicitly granted leave to raise the challenge. See Hill v. Berry, 247 Va. 271, 274, 441 S.E.2d 6, 7 (1994).

6

impartial trial.  Id. at 328, 329 S.E.2d at 19.  The trial court concluded that the juror could be fair and impartial and denied the defendant's motion for mistrial.  Id.

On appellate review, this Court, characterizing the juror's statements to the attorneys as juror misconduct, adopted the following test: the trial judge in the exercise of discretion, must determine whether prejudice might result from the remarks made, and the proponent of the mistrial motion has the burden to establish the probability of prejudice.  Id. at 330, 329 S.E.2d at 20.  The Court concluded that the record showed that the juror "probably was impartial no longer" notwithstanding the answers given the trial court regarding his ability to maintain an open mind on the issues.  Id. at 331, 329 S.E.2d at 20.  The Court found that the "facts developed brought into question the fairness of the trial and disclosed circumstances that would tend to impair public confidence in trial by jury" and that denying the motion for mistrial under these circumstances was an abuse of discretion.  Id.

In contrast, this Court refused to find an abuse of discretion in denying a motion for mistrial when, in a second degree murder prosecution, a juror failed to respond during voir dire to the question whether any juror or any juror's family member had been a victim of a violent crime but, after the jury was empanelled and opening statements delivered, revealed that

her husband had been "held up" at gunpoint earlier that year. Taylor v. Commonwealth, 256 Va. 214, 505 S.E.2d 378 (1998) (adopting the Court of Appeals' reasoning in Taylor v. Commonwealth, 25 Va. App. 12, 14, 486 S.E.2d 108, 109 (1997)). The defendant argued that the juror's failure to answer the question prejudiced his ability to exercise his peremptory challenges. 25 Va. App. at 17, 486 S.E.2d at 110.

In that case this Court agreed with the Court of Appeals that, although the juror had not responded in a timely manner to the question posed on voir dire, nothing in the record showed that the juror did not stand indifferent to the cause. 25 Va. App. at 18, 486 S.E.2d at 111. Therefore, notwithstanding impairment of the defendant's right to peremptory challenges, the juror's presence on the jury did not affect the essential fairness of the trial. Id.

These cases teach that once a jury has been empanelled and the impartiality of a juror is subsequently brought into question, it is an abuse of discretion to deny a motion for mistrial if the proponent of the motion establishes the probability of prejudice such that the fairness of the trial is subject to question. Although Haddad and Taylor are criminal cases, the standards regarding determinations of juror impartiality and probable prejudice are the same for civil and criminal cases. See Edlow v. Arnold, 243 Va. 345, 347, 415

8

S.E.2d 436, 437 (1992). Accordingly, we find this standard appropriate for application in this case.

The record in this case demonstrates that Lyons' understanding of the difference between the two pool liners was "the opposite of what [Seh's] attorney said," and based on this knowledge, Lyons stated that he "developed a bias that says that [Seh's attorney] doesn't know what he's talking about." This statement of bias was never retracted nor questioned and directly supports the proposition that retaining Lyons on the jury panel presented a high probability of prejudice to Seh that would bring the fairness of the trial into question.

Additionally, although in answer to the trial court's questions Lyons stated that he could decide the case on the evidence presented, he continued to refer to his belief that the Vyn-All liner was more likely to crack and that he could not "erase [his] brain." While the respective quality of the liners may not have been the cornerstone of the O'Donnells' claims, that factor could have been part of the basis for a finding of liability and the award of damages in the Consumer Protection claim. Thus, retaining Lyons on the jury also presented a probability of prejudice to Seh in this regard.

For these reasons, we conclude that the trial court abused its discretion in denying Seh's motion for a mistrial based on the lack of impartiality of Lyons. Accordingly, we will reverse

9

the judgment of the trial court and remand the matter to the circuit court for a new trial.[4]

<u>Reversed and remanded.</u>

---

[4] In light of this holding, we need not address the remaining assignments of error.