PRESENT: Hassell, C.J., Lacy, Keenan, Kinser, and Lemons, JJ., and Compton and Stephenson, S.JJ.

LAWRENCE KEVIN BLEVINS

OPINION BY
v. Record No. 031022    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                              January 16, 2004
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The issue in this appeal involves a trial court's refusal to declare a mistrial based on alleged juror partiality.

I

In a jury trial in the Circuit Court of the City of Roanoke, Lawrence Kevin Blevins was convicted of object sexual penetration, malicious wounding, and abduction with intent to defile. Blevins was sentenced to a total prison term of life, plus 40 years.

Thereafter, Blevins appealed his convictions to the Court of Appeals. On April 29, 2003, the Court of Appeals issued an opinion affirming the convictions. Blevins v. Commonwealth, 40 Va. App. 412, 579 S.E.2d 658 (2003). We awarded Blevins an appeal, limited to the assignment of error as follows: "The trial court erred in overruling the [defendant's] motion for mistrial based on juror untruthfulness during voir dire."

II

A

A brief summary of the facts relating to the crime will suffice.  On the evening of January 16, 2001, the victim had finished her work and was walking to her automobile, parked in a parking garage in the City of Roanoke.  She was alone, and, as she put her key into her car door lock, "all hell broke loose."  At that moment, the victim came face to face with the accused, who began to strike her with his fists.  The accused told the victim that, if she would cooperate by performing a sex act with him, he would stop hitting her.  The beating stopped, and the accused unzipped the victim's pants and inserted a finger into her vagina.  He also fondled the victim's breasts.

Several minutes later, and before the accused could rape the victim, a car approached the victim's vehicle.  When the approaching car stopped, the victim was able to escape to it, and the accused fled the scene.

B

The facts pertaining to the issue in this appeal are as follows.  During voir dire, the trial court asked the prospective jurors whether "any of you or any members of your immediate family [have] ever been the victim of a serious offense?"  All members of the venire answered negatively.

Immediately following the conclusion of Blevins' trial, Deputy Jessie W. Roberts encountered juror Bonnie Divers in the jury room.  Divers told Roberts that she was waiting for someone

2

to walk with her to her car, which was parked in a lot several blocks away. Roberts offered to escort Divers to her car. Roberts informed Divers that, if she had parked her car in a nearby parking garage, she would have been reimbursed for her parking expenses. Divers replied that she did not park in the parking garage because, 13 to 15 years previously, she had been the victim of an armed robbery in a parking garage.

Thereafter, Roberts informed the Commonwealth's Attorney of this conversation, and the Commonwealth's Attorney reported the information to defense counsel. Six days after the trial, Blevins filed a motion for a mistrial based upon Divers' failure to reveal that she had been the victim of a serious offense.

On September 4, 2001, the trial court conducted a hearing on the motion. At the hearing, the trial court asked Divers why she had not answered affirmatively when the court had asked, during <u>voir</u> <u>dire</u>, whether any prospective juror had been the victim of a serious offense. The following exchange then occurred:

DIVERS: Obviously, I didn't hear you or I didn't understand. I would have raised both hands up to have not been on this trial. I mean I don't like excitement. I would have let you known, had I heard you and understood what you were asking.

THE COURT: So you didn't deliberately withhold that information?

DIVERS: Oh, no, no, definitely not. This is not my thing. I don't like excitement.

3

THE COURT: Now, the next question is: Because you either didn't hear, or misunderstood, or didn't understand, having not answered that question, did the prior bad experience you went through in any way affect your ability to fairly and impartially hear Mr. Blevins' case?

DIVERS: Absolutely not; I did my judgment on the evidence and the evidence only. It was nothing personal between nobody, because I don't know anybody here, so why would I want to do something like that. That would be . . . wrong of me, but it had no effect on my decision at all.

Divers further stated, in answer to questions by the Commonwealth's Attorney, that her verdict "was strictly on the evidence, nothing about my personal life." She also said that she was "not bias[ed]."

III

A

In the present case, the post-trial hearing that the trial court conducted on Blevins' motion for a mistrial was the appropriate remedy for allegations of juror partiality. See Smith v. Phillips, 455 U.S. 209, 215 (1982). Following the hearing, the trial court rendered a written opinion, finding, inter alia, that Blevins

has failed to show that the juror failed to answer honestly to a material question posed by the court during voir dire. Juror Divers did not give a correct answer to the question posed, but she was not deliberately evasive. Either she did not hear the question or she did not understand the question. She was not dishonest. She even wondered why she was not asked about the incident during voir dire. She disclosed the incident to the deputy sheriff without

4

reservation. Her actions do not reveal dishonesty but mere inattention or a lack of understanding. The Court finds that the defendant has not shown that the juror failed to answer honestly to a material question during voir dire.

The trial court also found that "there was no valid basis for a challenge for cause because the juror was not biased."

The court further found the following:

Based on the evidence presented at the hearing, the Court has determined that Juror Divers was not biased against the defendant and decided the case based solely on the evidence presented at trial. She testified that the robbery did not affect her ability to hear the Blevins case. She further testified that she was not biased against Mr. Blevins and did not deliberately deceive the Court. She based her decision strictly on the evidence. Thus, the Court finds that she was not biased and served as an impartial juror in the defendant's case. Therefore, Mr. Blevins' constitutional rights to due process and an impartial jury were not violated.

Finally, the trial court found "beyond a reasonable doubt that [Divers] gave [Blevins] a fair and impartial trial" and that, "[b]ased upon the lack of deception by [Divers], combined with the overwhelming guilt of [Blevins], . . . Divers' presence did not result in actual prejudice to . . . Blevins."

B

The Court of Appeals, after a meticulous review of the evidence and the applicable law, affirmed the trial court's ruling. The Court of Appeals concluded that, "[b]ecause the evidence supported the trial court's findings that the juror's failure to answer the subject voir dire question was accidental

5

rather than intentional and that she stood impartial to the cause, its denial of [Blevins'] motion for mistrial was not error." Blevins, 40 Va. App. at 429, 579 S.E.2d at 666.

IV

Blevins asserts that, if Divers had "honestly reveal[ed]" that she had been a robbery victim during jury voir dire, he would have had a valid basis to challenge Divers for cause. Blevins also asserts that he was denied the opportunity to use a peremptory strike in the event a challenge for cause was denied. Thus, Blevins contends, he was denied a fair jury trial.[*]

The Sixth Amendment of the Constitution of the United States provides, in pertinent part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury." The right to an impartial jury is applicable to the states by way of the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 149 (1968); Manns v. Commonwealth, 213 Va. 322, 323, 191 S.E.2d 810, 811 (1972). Article I, Section 8 of the Constitution of Virginia also

---

[*] Blevins also contends that the trial court's denial of the motion for a mistrial "could weaken public confidence in the integrity of criminal trials." We will not consider this contention because it was not raised in the trial court. Rule 5:25. Additionally, Blevins contends that he was denied his right to effective assistance of counsel. This contention, however, is not cognizable on direct appeal. Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304, cert. denied, 534 U.S. 1003 (2001).

6

guarantees an accused the right to a trial by an impartial jury, and due process requires "a jury capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. at 217.

In McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984), the Supreme Court enunciated a two-part test to be applied in determining whether a litigant is entitled to a new trial in cases alleging juror dishonesty during voir dire. The Supreme Court held that, in order to obtain a new trial in such situations, a litigant

> must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

Id. The Supreme Court also noted that it has long held that a litigant is entitled to a fair, but not perfect, trial, as there are no perfect trials. Id. at 553.

In Taylor v. Commonwealth, 25 Va. App. 12, 14, 486 S.E.2d 108, 109 (1997), aff'd per curiam, 256 Va. 214, 505 S.E.2d 378 (1998), a juror in a murder-by-use-of-a-firearm case had failed to state during voir dire that her husband had been robbed at gunpoint earlier in the year. The Court of Appeals, applying the McDonough test, affirmed the trial court's refusal to declare a mistrial and, in so doing, observed that "there was no

7

dispute at trial that [the juror] stood indifferent to the cause." 25 Va. App. at 18, 486 S.E.2d at 111. The Court further stated that, "[b]ecause there was no basis for a challenge for cause, [the juror's] presence on the jury did not affect the essential fairness of the trial." Id.

An appellate court must give deference to a trial court's factual finding regarding a juror's impartiality because the trial court " 'sees and hears the juror.' " Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990), cert. denied, 502 U.S. 824 (1991) (quoting Wainwright v. Witt, 469 U.S. 412, 426 (1985)). Thus, we will reverse a trial court's finding with respect to juror impartiality "only upon a showing of manifest error." Weeks v. Commonwealth, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994), cert. denied, 516 U.S. 829 (1995).

In the present case, the findings of the trial court are fully supported by the evidence. Divers did not intentionally give a wrong answer on voir dire; she either did not hear or did not understand the court's question. Divers also was not biased against Blevins, and she decided the case impartially based upon the evidence presented at trial. Clearly, therefore, Blevins failed to establish either part of the two-part McDonough test.

V

8

Blevins, however, asserts not only a claim based upon allegations of juror dishonesty, but also a general Sixth Amendment claim of juror bias. In Fitzgerald v. Greene, 150 F.3d 357, 362-63 (4th Cir.), cert. denied, 525 U.S. 956 (1998), the Court of Appeals for the Fourth Circuit held that "[f]ailure to satisfy the requirements of McDonough does not end the . . . inquiry . . . when the [accused] also asserts a general Sixth Amendment claim challenging the partiality of a juror based upon additional circumstances occurring outside the voir dire." Therefore, regardless of whether a juror's answer is honest, an accused has the right to demonstrate that the juror was actually biased. Id. at 363.

In the present case, at the post-trial hearing, Blevins failed to show actual bias. As we have previously noted, the trial court's findings are fully supported by the evidence and clearly establish that Divers was free of bias and acted impartially. Therefore, the trial court did not err in overruling Blevins' motion for a mistrial, and the Court of Appeals properly affirmed Blevins' convictions.

VI

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.

9