COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


DERRICK MICHAEL EVANS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0078-06-1          CHIEF JUDGE WALTER S. FELTON, JR.
                                              JUNE 19, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Daymen W. X. Robinson, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Joshua M. Didlake, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Derrick Michael Evans (appellant) of rape and abduction with the intent to

defile.  On appeal, he contends the trial court erroneously denied his "request of a new trial due to

juror impartiality and bias."  Finding no error, we affirm the judgment of the trial court.

I.  BACKGROUND

During *voir dire*, the Commonwealth asked prospective jurors, "Have you or any member of

your immediate family been a victim or a witness to a violent crime?"  Juror H did not respond, and

was subsequently empanelled as a jury member.  Shortly after the jury was excused from service,

the jury foreperson contacted the deputy sheriff assigned to the jury and reported that Juror H had

told the other jury members that "she had been in a similar situation and [that] she c[ould] see the

fear and the way that the girl felt."  The jury foreperson advised the deputy sheriff assigned to the

jury "[t]hat, after that comment, we buckled down and realized the seriousness here."  The jury

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

foreperson could not remember if Juror H's comment was made during the guilt phase or the sentencing phase of the trial.

The trial court subsequently met with both counsel and informed them of the jury foreperson's concerns. After hearing argument from each counsel, the trial court determined that a formal evidentiary hearing was needed. The post-trial evidentiary hearing was conducted four days later. Prior to the commencement of the hearing, appellant moved to set aside the jury's verdict on the basis of juror impartiality and misconduct. The trial court then heard testimony from Juror H, during which she admitted disclosing to her fellow jurors that she had been the victim of rape "[d]uring one of our break times in the jury room . . . on the first day . . . " of the two-day trial. She explained that

> [a]s a teenager, when I was 15, I was dating a boy a few years older than myself, and we had gone steady for around six months, or so. And we broke up, and he came over to the house wanting "break-up sex," and I turned him down, and he forced the issue. I never told my father, who was at work at the time. I never mentioned it. In fact, when this whole thing started, I wasn't really thinking about it. But, as it unfolded, I could recall one time in my life that I submitted to sex when I didn't want to.

Juror H acknowledged that she had heard the Commonwealth ask whether any of the potential jurors had been a victim of a violent crime during *voir dire*, but stated that she "wasn't thinking of that situation that had come up in my dating years as a teenager. It's just that simple." She further explained that

> I'm a 52-year-old woman. That was a 15-year-old recollection. You know, I was a 15-year-old, and the closest thing I had ever -- and I did refer to it as rape in the jury room, that I had experienced something like that, you know.

Juror H was unable to recall when she first realized that she should have disclosed her experience during the *voir dire*, but testified that she would have felt the need to give an affirmative response if she had remembered the incident at the time the Commonwealth asked the question

- 2 -

about violent crimes.[1] She also testified that she did not "feel that [her] teenage experience that [she] shared with the others openly . . . affected [her] judgment as [she] listened to the testimony and deliberated with the other people . . . ."

After consideration of Juror H's testimony, the trial court denied appellant's motion to set aside the verdict, ruling that appellant had not met the requirements of Blevins v. Commonwealth, 267 Va. 291, 590 S.E.2d 365 (2004), aff'g, 40 Va. App. 412, 579 S.E.2d 658 (2003), and that it was "satisfied that Defendant Derrick Michael Evans was tried and convicted by an impartial jury."

## II. ANALYSIS

The Sixth Amendment of the Constitution of the United States and Article I, Section 8 of the Constitution of Virginia guarantee an accused the right to a trial by an impartial jury. Blevins, 267 Va. at 296, 590 S.E.2d at 368. Due process also requires "a jury capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). These fundamental rights, however, must be balanced with "'the practical necessities of judicial management.'" Taylor v. Commonwealth, 25 Va. App. 12, 17, 486 S.E.2d 108, 111 (1997) (quoting McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984)). The United States Supreme Court has long held that a "'litigant is entitled to a fair, but not perfect trial, as there are no perfect trials.'" McDonough, 464 U.S. at 553. In cases where a juror failed to correctly respond to a *voir dire* question, "it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination." Id.

---

[1] The record reflects that Juror H affirmatively responded to three questions during *voir dire*: (1) in response to an inquiry into whether any potential juror's family had previously been prosecuted by the Norfolk Commonwealth Attorney's Office, she stated she had a cousin who was serving time in jail for a drug violation, but did not know if he had been convicted in Norfolk; (2) in response to an inquiry into prior jury service, she stated she had served as a juror five years earlier in a civil matter, but that the case did not go to trial; and (3) she stated that two deceased family members had been in law enforcement.

at 555. To that end, the McDonough Court "enunciated a two-part test for allegations of juror dishonesty during *voir dire*" that was subsequently adopted by our Supreme Court in Blevins. 267 Va. at 296, 590 S.E.2d at 368.

> [I]n order to obtain a new trial in such situations, a litigant must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

Id. at. 296-97, 590 S.E.2d at 368 (quoting McDonough, 464 U.S. at 556).

Appellant contends the trial court erred in concluding that Juror H's failure to answer a material question during *voir dire* did not meet the threshold prong of the Blevins test because Juror H's failure to disclose her victimization to the trial court, once she remembered the incident from her childhood, constitutes dishonesty within the meaning of McDonough and Blevins. We disagree.

"[T]he honesty of the juror's response is to be gauged by whether the juror gave an incorrect answer [to a *voir dire* question] intentionally or accidentally. Only an intentionally incorrect response may provide a basis for the granting of a mistrial." Blevins v. Commonwealth, 40 Va. App. 412, 427, 579 S.E.2d 658, 665 (2003), aff'd, 267 Va. 291, 590 S.E.2d 365 (2004). The record presented to us on appeal supports the trial court's determination that appellant failed to satisfy the threshold requirement of Blevins. Juror H explained at the post-trial evidentiary hearing that she "wasn't thinking of th[e] situation that had come up in [her] dating years as a teenager" at the time the Commonwealth posed its question about victimization, or witnessing violent crimes. She further testified that had she remembered her prior experience with rape during the *voir dire*, she would have "felt that [she] would need to give an affirmative response[.]" Juror H's affirmative responses to three of the other *voir dire* questions posed by the trial court and counsel substantiates her understanding of the importance of responding to pertinent *voir dire* questions. As the record

clearly demonstrates that Juror H did not intentionally give an incorrect response to the *voir dire* question, the trial court did not err in determining that appellant had failed to meet the requirements of <u>Blevins</u>.[2]

Appellant also argues that the trial court erred in denying his motion to set aside the verdict because Juror H's comment to the other jurors regarding her prior experience demonstrated that she was biased in her deliberations. "[R]egardless of whether a juror's [*voir dire*] answer is honest, an accused has the right to demonstrate that the juror was actually biased." <u>Blevins</u>, 267 Va. at 298, 590 S.E.2d at 369 (citing <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 363 (4th Cir. 1998)). A general Sixth Amendment challenge to the partiality of a juror, however, must be "based upon additional circumstances occurring outside the *voir dire*." <u>Id.</u>

Juror H testified at the post-trial evidentiary hearing that she did not feel that her experience affected her judgment as she listened to the testimony and deliberated with her fellow jurors. The trial court found her testimony to be credible, ruling that it was satisfied that appellant was tried and convicted by an impartial jury. "Upon appellate review, we must give deference to the trial court's decision regarding whether a juror is impartial because the trial court 'sees and hears the juror.'" <u>Blevins</u>, 40 Va. App. at 427, 579 S.E.2d at 665 (quoting <u>Eaton v. Commonwealth</u>, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990)). "Accordingly, we will disturb the trial court's decision regarding juror impartiality 'only upon a showing of manifest error.'" <u>Id.</u> (quoting <u>Weeks v. Commonwealth</u>, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994)). As the record supports the trial court's finding of Juror H's impartiality, its denial of appellant's motion to set aside the verdict was not manifest error.

The judgment of the trial court is therefore affirmed.

<u>Affirmed.</u>

---

[2] Having concluded that appellant failed to satisfy the threshold requirement of <u>Blevins</u>, it is not necessary for us to address the second part of the test -- whether Juror H's correct response would have provided a valid basis for a challenge for cause.