COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


MARSHALL ALEXANDER WALKER

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1376-09-2                   JUDGE RANDOLPH A. BEALES
                                                        AUGUST 17, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                         Leslie M. Osborn, Judge

        Sandra M. Saseen, Deputy Public Defender (Office of the Public
        Defender, on brief), for appellant.

        Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        A jury convicted Marshall Alexander Walker (appellant) of two counts of object sexual

penetration, in violation of Code § 18.2-67.2(A), and four counts of forcible sodomy, in violation

of Code § 18.2-67.1. On appeal, appellant (1) argues that the trial court committed reversible

error in denying appellant's motion for an *in camera* review of a police lieutenant's field notes of

an interview with the victim, (2) argues that the trial court also committed reversible error in

denying appellant's motion for a new trial based on a juror's allegedly dishonest response to a

question during *voir dire* and the alleged resulting bias, and (3) argues that the evidence was

insufficient to support his convictions. For the following reasons, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Appellant is the grandfather of the victim[1] in this case. Between January 1, 2008 and April 23, 2008, during which time she was thirteen years old, the victim stayed at appellant's home before and after school and during the weekends, due to her mother's busy work schedule. The victim testified at appellant's trial that, during this period, appellant put his fingers inside her vagina, doing so more times than she could count. In addition, appellant also put his penis in her mouth against her will. In doing so, he would "hold [her] mouth open by [her] jaws." The victim testified that appellant made her put her mouth on his penis "[m]aybe five times" and that he would "slam [her] down on the bed or on the floor" when she resisted.

The victim testified that appellant would sometimes give her money and tell her, "[S]ince you let me mess with you this week here is this amount of money." Appellant also threatened her, telling her that she'd be in "big trouble" and would never see her family and friends again if she reported his behavior. The victim finally reported appellant's conduct to the school and county authorities on April 24, 2008.

The authorities recorded two interviews with the victim – on April 24, 2008, and on October 1, 2008. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Commonwealth provided the defense with copies of these recordings and with two summaries of potentially exculpatory evidence. One of these summaries provided by the prosecutor included a synopsis of the victim's October 1, 2008 interview conducted with Lt. Terry Edmonds. Appellant requested *in camera* review of Lt. Edmonds's October 1 notes of this interview to determine if they contained additional potentially exculpatory evidence under Brady. The trial court denied

---

[1] We refer to her as "the victim," instead of by her name, in an attempt to better protect her privacy.

this motion, but placed a sealed copy of Lt. Edmonds's field notes from the interview in the trial record to be "available on appeal if necessary."

At trial, appellant denied engaging in any sexual activity with his granddaughter and denied giving her any money or gifts from January 2008 to April 2008. The jury convicted appellant of all charges.

Appellant filed a motion for a new trial, contending that one of the jurors, A.B., had "spoken during jury deliberations of her own experience as a young victim of sexual molestation." A.B. had not responded in the affirmative to a *voir dire* question inquiring if any potential jurors had "been the victim of a violent crime." Thus, appellant claimed, A.B. was dishonest and biased and had potentially influenced the outcome of his trial. Following an evidentiary hearing, at which A.B. testified, the trial court found that A.B. had not been intentionally dishonest during *voir dire*. The court reasoned that the *voir dire* question related solely to "violent" crime – not necessarily molestation – and that neither party asked any *voir dire* questions specifically about molestation. In addition, the trial court found that the evidence did not establish that A.B. had been a biased juror. The trial court noted that it would *not* have struck A.B. for cause if appellant's claims about her had come to light prior to trial. Moreover, the trial court noted that it believed A.B.'s testimony that she disclosed her past molestation only *after* appellant's sentence had already been decided by the jurors. Therefore, the trial court denied appellant's motion for a new trial.

## II. ANALYSIS

### A. Denial of *In Camera* Review of Lt. Edmonds's Field Notes

Appellant argues that the trial court committed reversible error when it declined to conduct an *in camera* review of Lt. Edmonds's October 1 field notes to determine if those notes contained potentially exculpatory evidence that had not already been disclosed to the defense. On appeal, we

review denial of this motion for abuse of discretion. See Bowman v. Commonwealth, 248 Va. 130, 135, 445 S.E.2d 110, 113 (1994) ("The trial court's determination of the question whether it should undertake [*in camera*] review of the disputed material is a discretionary matter."); see also Garnett v. Commonwealth, 275 Va. 397, 409, 657 S.E.2d 100, 108 (2008) (noting that a Brady request does not "'mandate that a trial judge conduct an *in camera* inspection of the government's files in every case. Such matters are committed to the sound discretion of the trial judge. We will reverse the judge's actions only upon a showing of abuse of discretion.'" (quoting United States v. Phillips, 854 F.2d 273, 278 (7th Cir. 1988))).

"In Brady, the Supreme Court of the United States held that due process requires the prosecution to disclose to the defendant all favorable evidence material to his guilt or punishment." Garnett, 275 Va. at 406, 657 S.E.2d at 106.

> There are three components of a violation of the rule of disclosure first enunciated in Brady: a) The evidence not disclosed to the accused must be favorable to the accused, either because it is exculpatory, or because it may be used for impeachment; b) the evidence not disclosed must have been withheld by the Commonwealth either willfully or inadvertently; and c) the accused must have been prejudiced.

Id. (citing Workman v. Commonwealth, 272 Va. 633, 644-45, 636 S.E.2d 368, 374 (2006)). "So long as exculpatory evidence is obtained in time that it can be used effectively by the defendant, and there is no showing that an accused has been prejudiced, there is no due process violation." Frontanilla v. Commonwealth, 38 Va. App. 220, 229, 562 S.E.2d 706, 710 (2002) (citing Moreno v. Commonwealth, 10 Va. App. 408, 417, 392 S.E.2d 836, 842 (1990)). "A constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." Garnett, 275 Va. at 406, 657 S.E.2d at 106 (citing Workman, 272 Va. at 645, 636 S.E.2d at 374).

In this case, Lt. Edmonds obtained a warrant to search appellant's home following the victim's October 1, 2008 interview with the police. Lt. Edmonds included in his supporting affidavit the allegation from the interview that appellant kept a calendar in his office that indicated the "dates the sexual assaults took place and dates where [the] victim was paid money to keep her quiet." However, the copy of the recording of the October 1 interview that was given to the defense contained no references to an office calendar. Appellant contends that the trial court was obligated to review Lt. Edmonds's October 1 field notes of the interview with the victim to determine if those notes included any undisclosed information concerning the calendar that would support his theory that the sexual contact between appellant and the victim was consensual.

Having reviewed Lt. Edmonds's field notes on appeal,[2] we determine that these notes include no potentially exculpatory information concerning the office calendar or the issue of consent that was not already disclosed by the Commonwealth prior to trial. The Commonwealth's second summary of potentially exculpatory evidence that was provided to defense counsel noted Lt. Edmonds's "interpretation of [the victim's] comments was that days when she was paid to keep quiet, she thought that those events were circled" on the office calendar. Lt. Edmonds's field notes contained this same information – and nothing else that could be considered potentially exculpatory. Thus, we find that Brady is not implicated by this case. Accordingly, we hold that the trial court did not abuse its discretion when it declined to conduct an *in camera* review of Lt. Edmonds's field notes.

---

[2] Consistent with the Virginia Supreme Court's opinion in Bowman, the trial court placed a sealed copy of Lt. Edmonds's October 1, 2008 field notes in the record so that these notes could be available on appellate review. See Bowman, 248 Va. at 136, 445 S.E.2d at 113 ("We, of course, could conduct the review of the report and resolve the matter here, if the report were part of the appellate record."). The record's copy of Lt. Edmonds's field notes apparently was unsealed at some point and is actually included in the joint appendix.

B.  Allegedly Dishonest and Biased Juror

Appellant contends that he was entitled to a new trial because he claims that (1) juror A.B. gave a dishonest answer to a question during *voir dire*, see McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548 (1984), and because he claims that (2) A.B. was a biased juror, implicating his Sixth Amendment right to an impartial jury.  Therefore, appellant claims that the trial court abused its discretion in denying his motion for a new trial.  Absent "'a showing of manifest error'" by the trial court, however, an appellate court will not reverse the trial court's finding with respect to juror impartiality.  Blevins v. Commonwealth, 267 Va. 291, 297, 590 S.E.2d 365, 369 (2004) (quoting Weeks v. Commonwealth, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994)).

In McDonough, the United States Supreme Court evaluated whether the trial court abused its discretion in refusing to grant a new trial where a juror had failed to respond affirmatively to a *voir dire* question.  The Supreme Court held that,

> to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause.  The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

Taylor v. Commonwealth, 25 Va. App. 12, 18, 486 S.E.2d 108, 111 (1997) (quoting McDonough, 464 U.S. at 556); see Blevins, 267 Va. at 296-97, 590 S.E.2d at 368.

As we are an appellate court, we must defer to the trial court's factual findings regarding A.B.'s honesty and impartiality as a juror because a trial court, not an appellate court, "'sees and hears the juror.'"  Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (quoting Wainwright v. Witt, 469 U.S. 412, 426 (1985)).  Here, the trial court found that A.B. had at most given an *incorrect* answer – not a dishonest answer – to the question posed during

- 6 -

*voir dir*e that asked if any potential juror had ever been a victim of a violent crime. This factual finding was not plainly wrong. The *voir dire* question explicitly asked about "violent" crime and did not explicitly ask about molestation (which a layman, depending on the circumstances, might not consider "a violent crime," even though it almost certainly would be considered traumatic by anyone). See McDonough, 464 U.S. at 555 ("Called as they are from all walks of life, many [jurors] may be uncertain as to the meaning of terms which are relatively easily understood by lawyers and judges."). Neither party asked any specific questions about molestation. Moreover, during the post-trial evidentiary hearing, A.B. was never asked whether she considered the molestation of which she was a victim to be a violent crime. Therefore, the trial court's finding – that A.B.'s *voir dire* response was not necessarily dishonest – was supported by the evidence.

In addition, the trial court specifically found that, based on the evidence presented at the post-trial evidentiary hearing, it still would not have stricken A.B. for cause. Accordingly, appellant fails to satisfy the United States Supreme Court's test for juror dishonesty. See McDonough, 464 U.S. at 556.

Appellant also appears to raise a Sixth Amendment assertion of juror bias under the Virginia Supreme Court's opinion in Barker v. Commonwealth, 230 Va. 370, 337 S.E.2d 729 (1985), which is different than his juror dishonesty claim under McDonough. As the Supreme Court explained in Blevins, "regardless of whether a juror's answer [during *voir dire*] is honest, an accused has the right to demonstrate that the juror was actually biased." Blevins, 267 Va. at 298, 657 S.E.2d at 369 (citing Fitzgerald v. Greene, 150 F.3d 357, 363 (4th Cir. 1998)). Such a claim "'challeng[es] the partiality of a juror based upon additional circumstances occurring outside the *voir dire*.'" Id. (quoting Fitzgerald, 150 F.3d at 362-63).

Although "any reasonable doubt regarding [a juror's] impartiality must be resolved in favor of the accused," Barker, 230 Va. at 374, 337 S.E.2d at 732-33, *"[p]er se disqualifications*

- 7 -

[of jurors] are few in number and disfavored." Scott v. Commonwealth, 1 Va. App. 447, 452, 339 S.E.2d 899, 901 (1986). A.B.'s past history as a victim of molestation does not *per se* disqualify her for service as a juror in this case. See Webb v. Commonwealth, 11 Va. App. 220, 221-22, 397 S.E.2d 539, 540-41 (1990) (holding that a juror who had been raped eight months before trial and whose rapist had not yet been apprehended was not *per se* disqualified from serving as a juror in a rape trial). Furthermore, while appellant asserts that A.B. attempted to influence the deliberations by referring to her past history of molestation before the jury reached a verdict on guilt or sentencing, A.B.'s testimony at the post-trial hearing directly contradicted appellant's representation. A.B. testified that she revealed her past history of molestation only *after* the jury had decided on appellant's guilt and decided his sentence. The trial court found A.B.'s testimony was credible, and we defer to this factual finding on appeal. Therefore, appellant failed to satisfy his burden of establishing that A.B. was incapable of "'decid[ing] the case solely on the evidence before [her].'"[3] Blevins, 267 Va. at 296, 657 S.E.2d at 368 (quoting Smith v. Phillips, 455 U.S. 209, 217 (1982)).

On this record, we conclude that the denial of appellant's motion for a new trial was not manifest error. See Weeks, 248 Va. at 475, 450 S.E.2d at 389.

---

[3] As part of his motion for a new trial, appellant offered the affidavit of a sentencing advocate with the Public Defender's office, who claimed that she had interviewed A.B. and four other jurors after appellant's trial. According to the sentencing advocate's affidavit, A.B.'s fellow jurors questioned whether A.B. should have served on the jury because A.B. was a victim of molestation and in light of some comments A.B. allegedly made during the jury's deliberations. The sentencing advocate testified at the post-trial evidentiary hearing, and the trial court found A.B.'s testimony to be more credible. A.B.'s fellow jurors were not present at this hearing. Appellant contends on brief that the trial court erred when it denied his motion for a continuance to allow A.B.'s fellow jurors to be summonsed to testify at a further hearing on juror bias. However, the denial of a continuance was not included in appellant's question presented. Therefore, we will not address this issue on appeal. See Rule 5A:12.

C. Sufficiency of the Evidence

Appellant argues that the evidence at trial was insufficient to prove beyond a reasonable doubt that he committed two counts of object sexual penetration and four counts of forcible sodomy. He contends that the evidence failed to establish that the sexual contact with the victim was committed against her will by force, threat, or intimidation, as was required by statute in order to convict him of these offenses. See Code §§ 18.2-67.1(A)(2); 18.2-67.2(A)(2).

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)); see also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Here, the victim testified that appellant, among other acts, put his fingers inside her vagina more times than she could count and made her put his penis in her mouth approximately five times. Nothing in her testimony even hinted that this sexual contact was consensual.[4] To the contrary, she

---

[4] Appellant claims that the victim testified that she was paid money by appellant on several occasions "because she let him mess with her." Appellant misreads her testimony. She testified that *appellant* would tell *her*, "[S]ince you let me mess with you this week here is this

testified that appellant would hold her jaws open so he could put his penis in her mouth and that he would "slam [her] down on the bed or on the floor" when she resisted. The victim also testified that she attempted to avoid appellant when she stayed at his house and that he threatened her with reprisals if she reported his sexual abuse.

Although appellant at trial denied that he initiated any sexual contact with his granddaughter, the jury was not obligated to believe this testimony. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). Furthermore, as an appellate court, we must defer to the jury's responsibility as the factfinder "'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Abdullah v. Commonwealth, 53 Va. App. 750, 755, 675 S.E.2d 215, 218 (2009) (quoting Jackson, 443 U.S. at 319); see Young v. Commonwealth, 275 Va. 587, 590, 659 S.E.2d 308, 310 (2008) ("On appeal, great deference is given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony."). The jury was entitled to find the victim's testimony credible and to assign her testimony significant weight. Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, Riner, 268 Va. at 330, 601 S.E.2d at 574, the evidence presented by the Commonwealth was certainly sufficient to allow the jury to conclude beyond a reasonable doubt that appellant was guilty of two acts of object sexual penetration and four acts of forcible sodomy.

---

amount of money." Moreover, the victim emphatically denied at trial that she actually consented to any sexual contact with appellant – her own grandfather.

### III.  CONCLUSION

For the foregoing reasons, we affirm appellant's convictions for object sexual penetration and forcible sodomy.

<u>Affirmed.</u>