COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Haley and Powell
Argued at Richmond, Virginia


DAVID JUNIOR HOWELL

MEMORANDUM OPINION[*] BY

v.      Record No. 1157-10-2           JUDGE ROBERT P. FRANK
                                              APRIL 26, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Burnett Miller, III, Judge

(Brice Lambert, on brief), for appellant.  Appellant submitting
on brief.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


David Junior Howell (appellant) was convicted, in a bench trial, of grand larceny, in

violation of Code § 18.2-95, on his plea under North Carolina v. Alford, 400 U.S. 25 (1970).  On

appeal, he contends he was denied effective assistance of counsel which resulted in an unintelligent

and involuntary guilty plea.  The Commonwealth filed a motion to dismiss, contending

ineffectiveness of counsel is not cognizable on direct appeal.  We agree with the Commonwealth

and grant the motion to dismiss.  We do not address the merits of appellant's appeal.

ANALYSIS

Appellant's assignment of error is:  The defendant was denied effective assistance of

counsel due to the short time spent with defense counsel prior to trial which resulted in an

unintelligent and involuntary guilty plea.  In his brief, his argument addresses his right to counsel

under the Sixth Amendment of the United States Constitution.  He then addresses the two-prong

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

standard for evaluating claims of ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must first show that counsel's performance was deficient. He must then show that his counsel's deficient performance prejudiced the defense and deprived him of a fair trial. <u>Id.</u> at 687.

Appellant never argues that his guilty plea was not voluntarily and intelligently given. Appellant simply concluded, under the prejudice prong of <u>Strickland</u>, that if he had more time to discuss this case he would have insisted on going to trial.

Clearly, appellant's position on appeal is that he was denied the effective assistance of counsel. While the assignment of error mentions his guilty plea, this argument was not developed. However, it appears that, at best, whether appellant's guilty plea was involuntary addresses the prejudice prong of <u>Strickland</u>.[1]

The Attorney General correctly states the law. Claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal. <u>Blevins v. Commonwealth</u>, 267 Va. 291, 296, 590 S.E.2d 365, 368 (2004). "Claims of ineffective assistance of counsel may no longer be raised on direct appeal. Code § 19.2-317, which had allowed direct appeal of such claims under certain circumstances, was repealed in 1990. 1990 Va. Acts, c. 74. <u>See also</u> <u>Walker v. Mitchell</u>, 224 Va. 568, 299 S.E.2d 698 (1983)." <u>Browning v. Commonwealth</u>, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994).

Thus, we grant the Commonwealth's motion to dismiss this appeal.

<u>Dismissed.</u>

---

[1] It should be noted that while the assignment of error is largely the same in the petition and the brief, the focus of appellant's argument at the petition stage was the voluntariness of his plea. In his brief, however, appellant focused on ineffective assistance of counsel.